IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:20-CR-230 |
| v. | |
| KOREY KASCHIEF CORNISH, | |
| *Defendant.* | |

STATEMENT OF FACTS

The United States and the defendant, Korey Kaschief Cornish, agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. From in and around June 2020 to in and around July 22, 2020, in the Eastern District of Virginia and elsewhere, the defendant, Korey Kaschief Cornish, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons, both known and unknown, to unlawfully, knowingly, and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. On or about July 22, 2020, the defendant conspired with Kinnard Anthony Turner (hereinafter, "Turner") and others to purchase at least five kilograms of cocaine from a confidential source ("CS") for the purpose of redistribution.

3. During the course and in furtherance of the conspiracy, the defendant was personally involved in the possession with intent to distribute of, or it was reasonably foreseeable

to the defendant that his co-conspirators possessed with intent to distribut in furtherance of the conspiracy, at least 5 kilograms but less than 15 kilograms of cocaine (Level 30).

4. Between on or about June 30, 2020 and on or about July 20, 2020, Turner engaged in numerous conversations with the CS regarding a transaction involving kilograms of cocaine. During these conversations, Turner agreed to purchase approximately ten kilograms of cocaine from the CS. Turner further told the CS that he knew other individuals who would also like to purchase cocaine if it was of good quality.

5. On or about July 21, 2020, Turner met with the CS in Arlington, Virginia, within the Eastern District of Virginia, to finalize the details of the upcoming cocaine transaction. They agreed to meet the next day to execute the cocaine transaction.

6. On or about July 22, 2020, Turner traveled from Maryland to the Eastern District of Virginia with three other individuals: the defendant, Individual 1, and Individual 2.

7. During the trip from Maryland, Turner stopped at the Bainbridge Apartment Complex ("Complex") located in Baltimore, Maryland, and retrieved empty bags from an apartment leased in Turner's name. Turner placed the empty bags into the trunk of his vehicle. He then met with the defendant and Individual 1 in front of the Complex. Turner (in his vehicle) and Individual 1 and the defendant (in the defendant's vehicle) then traveled to the Renaissance Hotel in Baltimore, Maryland. At some point, Individual 2 entered the defendant's vehicle. The four of them left the vicinity of the Renaissance Hotel.

8. The defendant and the three individuals arrived at the location prearranged with the CS – the Ritz Carlton Hotel in Arlington County, Virginia. Turner went to the hotel room in which the CS was waiting for him. Turner and the CS discussed the quantity of cocaine that Turner was to obtain from the CS. During this interaction, the defendant and Turner engaged in a telephone conversation about a "room." Turner then exited the hotel room and went back

downstairs to the front of the Ritz Carlton Hotel. The defendant retrieved a bag containing over $165,000 of United States currency from the back of his vehicle. Turner, while carrying the bag with the United States currency, went to the hotel room where the CS was waiting. Around this time, the defendant sent a text message to Turner which stated, in sum and substance, that there was $15,000 in the "smaller bag" and $165,000 total. Once inside, Turner purchased five kilograms of cocaine from the CS in exchange for approximately $165,000. Turner obtained an additional seven kilograms of cocaine from the CS, for which Turner was to pay at a later time. The bag with United States currency contained numerous bags of money totaling approximately $165,000, including a smaller bag that contained $15,000. This is the same bag that the defendant was referring to in his text message to Turner, described above.

9. The defendant and Turner had also obtained a room inside the Ritz Carlton Hotel, registered in the name of the defendant, to which Turner referred during the phone conversation in the hotel room of the CS. The defendant and Turner had placed a utility knife, tape, plastic bags, and padded envelopes in the room for the purpose of opening the packages of cocaine and closing same.

10. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

11. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

12. If the defendant breaches the plea agreement, then pursuant to the plea agreement, he waives any rights under Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence

410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Karolina Klyuchnikova
Special Assistant United States Attorney

**Defendant's signature:** After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Korey Kaschief Cornish, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial the United States would have proved the same beyond a reasonable doubt.

Date: Dec 9, 2020

_____
Korey Kaschief Cornish
Defendant

**Defense counsel signature:** I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: Dec. 9, 2020

_____
Joni Robin, Esq.
Attorney for the Defendant

5