IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | |
| ) | Case Number: 1:20-CR-230 |
| KOREY KASCHIEF CORNISH, ) | |
| ) | Honorable Rossie D. Alston, Jr. |
| Defendant. ) | Sentencing: February 24, 2021 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, and Karolina Klyuchnikova, Special Assistant United States Attorney (LT), in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this position of the United States with respect to sentencing of the defendant, KOREY KASCHIEF CORNISH (hereinafter, "CORNISH" or "defendant").

The United States moves for a one-level reduction of the defendant's Guidelines level pursuant to U.S.S.G. § 3E1.1(b), in recognition of the defendant's timely guilty plea and his acceptance of responsibility. The United States has no objection to the Presentence Report. The Report correctly calculates the Guidelines range, as a result of statutory provisions, to be a mandatory minimum of 120 months' imprisonment.

The United States respectfully submits that a sentence of 120 months' imprisonment is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The defendant conspired with Kinnard Anthony Turner ("Turner"), and others, to purchase at least 5 kilograms of cocaine from a confidential source ("CS"). On or about July 22, 2020, the defendant and his co-conspirators drove from Maryland to Virginia, and carried hundreds of thousands of dollars in United States currency in order to pay for kilogram quantities of cocaine.

Between on or about June 30, 2020 and on or about July 20, 2020, Turner engaged in numerous conversations with the CS regarding a transaction involving kilograms of cocaine. During these conversations, Turner agreed to purchase approximately ten kilograms of cocaine from the CS. Turner further told the CS that he knew other individuals who would also like to purchase cocaine if it was of good quality.

On or about July 21, 2020, Turner met with the CS in Arlington, Virginia, within the Eastern District of Virginia, to finalize the details of the upcoming cocaine transaction. They agreed to meet the next day to execute the cocaine transaction.

On or about July 22, 2020, Turner traveled from Maryland to the Eastern District of Virginia with three other individuals: the defendant, Individual 1, and Individual 2.

During the trip from Maryland, Turner stopped at the Bainbridge Apartment Complex ("Complex") located in Baltimore, Maryland, and retrieved empty bags from an apartment leased in Turner's name. Turner placed the empty bags into the trunk of his vehicle. He then met with the defendant and Individual 1 in front of the Complex. Turner (in his vehicle) and Individual 1 and the defendant (in the defendant's vehicle) then traveled to the Renaissance Hotel in Baltimore, Maryland. At some point, Individual 2 entered the defendant's vehicle. The four of them left the vicinity of the Renaissance Hotel.

The defendant and the three individuals arrived at the location prearranged with the CS – the Ritz Carlton Hotel in Arlington County, Virginia. Turner went to the hotel room in which the CS was waiting for him. Turner and the CS discussed the quantity of cocaine that Turner was to obtain from the CS. During this interaction, the defendant and Turner engaged in a telephone conversation about a "room." Turner then exited the hotel room and went back downstairs to the front of the Ritz Carlton Hotel. The defendant retrieved a bag containing over $165,000 of United States currency from the back of his vehicle. Turner, while carrying the bag with the United States currency, went to the hotel room where the CS was waiting. Around this time, the defendant sent a text message to Turner which stated, in sum and substance, that there was $15,000 in the "smaller bag" and $165,000 total. Once inside, Turner purchased five kilograms of cocaine from the CS in exchange for approximately $165,000. Turner obtained an additional seven kilograms of cocaine from the CS, for which Turner was to pay at a later time. The bag with United States currency contained numerous bags of money totaling approximately $165,000, including a smaller bag that contained $15,000. This is the same bag that the defendant was referring to in his text message to Turner, described above.

The defendant and Turner had also obtained a room inside the Ritz Carlton Hotel, registered in the name of the defendant, to which Turner referred during the phone conversation in the hotel room of the CS. The defendant and Turner had placed a utility knife, tape, plastic bags, and padded envelopes in the room for the purpose of opening the packages of cocaine and closing same.

On December 9, 2020, the defendant pleaded guilty to an indictment charging him with the conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

**1. ARGUMENT**

  a. Overview of Applicable Law

Although the Supreme Court rendered the Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court still must "consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264. "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

When imposing a sentence that is "sufficient, but not greater than necessary," Section 3553 states that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

b. Guidelines Calculation

In accordance with Section 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guideline sentencing, the United States has reviewed the Probation Office's Presentence Investigation Report (PSR) prepared in this matter. The Report correctly calculates the Guidelines range, as a result of statutory provisions, to be a mandatory minimum of 120 months' imprisonment

i. Application of 18 U.S.C. § 3553 Factors to the Defendant's Case

The factors set forth in 18 U.S.C. § 3553(a) warrant a term of imprisonment. The defendant conspired with others to obtain kilograms of cocaine with the intent to distribute it into our communities.

Cocaine imposes a significant harm on society. It is an addictive drug that destroys the lives of users, and has far reaching consequences on the users' families, friends, and communities. The resultant cost on society is tremendous, including the cost of law enforcement, healthcare, loss of productivity, and mental health treatment. The defendant engaged in these actions without any regard for the harms to society and the users, and did so for his own financial gain. Despite the defendant's conduct, since his apprehension, the defendant has been forthright and cooperative in his arrest and has accepted responsibility.

A period of incarceration is necessary to promote respect for the law, and to deter future criminal conduct by the defendant and others. As regards the history and characteristics of the defendant, the defendant has one prior felony narcotics conviction for possession with intent to distribute a narcotic, and one conviction for Driving/Attempting to Drive Vehicle While Impaired

by Alcohol.  The defendant's criminal history category is therefore III.  The co-defendant in this case, Turner, was sentenced to 48 months' imprisonment after qualifying for safety valve relief.

The defendant accepted responsibility for the conspiracy to possess with intent to distribute controlled substances in a speedy manner.  However, the defendant's criminal conduct of conspiring to obtain a large quantity of cocaine with the intent to distribute it was dangerous to society and self-serving.  In light of the defendant's present criminal conduct, prior criminal record, his speedy acceptance of responsibility, and those additional factors set forth above, the government submits that the mandatory minimum sentence of 120 months' imprisonment is sufficient, but not greater than necessary, to further the goals in 18 U.S.C. § 3553(a).

## 2. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court impose a sentence of imprisonment of 120 months.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:         /s/
Karolina Klyuchnikova
Special Assistant United States Attorney (LT)

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March 2021, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                      /s/
                                            Karolina Klyuchnikova
                                            Special Assistant United States Attorney
                                            United States Attorney's Office
                                            2100 Jamieson Avenue
                                            Alexandria, VA 22314
                                            Phone: (703) 299-3700
                                            Karolina.Klyuchnikova@usdoj.gov